IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WYLLY ISLAND HOMEOWNERS'      )
ASSOCIATION and WYLLY ISLAND  )
DOCKOWNERS' ASSOCIATION,      )
                              )
     Plaintiffs,              )
                              )
v.                            )    CASE NO. CV417-244
                              )
STATE FARM FIRE AND CASUALTY  )
COMPANY and JOHN SMITH,       )
                              )
     Defendants.              )
_____)

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 10.) For the following reasons, Plaintiffs' motion is **DENIED**. In addition, Defendant John Smith is hereby **DIMISSED** from this action.

### BACKGROUND

This case arises in the aftermath of Hurricane Matthew and the alleged damage caused by the storm to Plaintiffs' dock. (Doc. 1, Attach. 3 at 8.) At the time of the storm, Plaintiffs insured the dock through a policy issued by Defendant State Farm Fire and Casualty Company ("State Farm"). (Id. at 4.) The policy was managed by Defendant State Farm's local insurance agent, Defendant John Smith. (Id.) After the storm, Defendant State Farm reviewed the damage caused to Plaintiffs' dock and found that any damage to the dock was caused by flooding. (Id. at 5.)

Because Plaintiffs' policy did not include coverage for damage caused by flooding, Defendant State Farm denied Plaintiffs' claim. (Id.)

On November 14, 2017, Plaintiff filed a complaint in the State Court of Chatham County alleging that Defendant State Farm improperly denied Plaintiffs' claim for coverage. (Id. at 7.) In addition to the breach of contract claim, Plaintiff alleged that Defendant State Farm acted in bad faith and violated a variety of various duties by denying coverage of the damage to the dock. (Id. at 6-7.) Against Defendant Smith, Plaintiffs alleged that he, as an authorized agent of Defendant State Farm, violated various fiduciary duties owed to Plaintiffs by

> (1) failing to provide and/or advise Plaintiffs to secure the proper amount of insurance; (2) failing to provide and/or advise Plaintiffs to secure flood insurance; (3) failing to provide and/or advise Plaintiffs that excess flood insurance was an available, viable option; (4) failing to inform Plaintiffs of homeowners and flood policy limitations and exclusions; (5) underinsuring Plaintiffs; and/or (6) any and all other such acts as become known at the time of trial.

(Id. at 8.)

On December 13, 2017, Defendants invoked this Court's diversity jurisdiction and removed the case to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.) In response, Plaintiffs have now filed a Motion to Remand. (Doc. 10.) Plaintiffs assert that the parties are not diverse in this action and, as a

2

result, this Court lacks subject matter jurisdiction over this case. (Id.) Specifically, Plaintiffs contend that Plaintiffs and Defendant Smith are all residents of Georgia. (Id. at 2.) In response, Defendants argue that Defendant Smith has been fraudulently joined in this action to avoid this Court's jurisdiction. (Doc. 11.) Defendants maintain that Plaintiffs have no viable potential claim against Defendant Smith. (Id.) Accordingly, Defendants request that Defendant Smith be dismissed from this action so that this Court will properly have jurisdiction over this action. (Id.)

**ANALYSIS**

Federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been originally brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a defendant removes a case originally filed in state court, the defendant normally has the burden of proving the existence of federal subject matter jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

3

In this case, Defendants contend that this Court has jurisdiction because the parties are diverse. See 28 U.S.C. § 1332. A federal court has diversity jurisdiction if the amount-in-controversy exceeds the sum or value of $75,000 and there is complete diversity between plaintiffs and defendants. Id. Complete diversity requires every plaintiff to have diverse citizenship from every defendant. Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Here, the face of the complaint shows a lack of complete diversity—Plaintiffs and Defendant Smith all reside in Georgia.

Although the face of the complaint indicates an absence of jurisdiction, the action may be removable if the joinder of the nondiverse party is fraudulent. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The doctrine of fraudulent joinder is a judicially created exception to the rule of complete diversity that courts invoke in three situations. Id. First, if no possibility exists that the plaintiff can prove a cause of action against the nondiverse defendant, joinder is deemed fraudulent. Id. (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983), superseded by statute on other grounds, as recognized in Georgetown Manor Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993)). Second, where "outright fraud" exists in the plaintiff's statement of jurisdictional facts, joinder is fraudulent. Id. Third, fraudulent joinder

exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability, and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Id. (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996) abrogated on other grounds by Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000)). The burden of proving fraudulent joinder rests with the removing party. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

In this case, Defendants allege only the first kind of fraudulent joinder. Specifically, Defendants contend that Plaintiffs have no viable cause of action against Defendant Smith because (1) there is no evidence that Defendant Smith owed a special duty to Plaintiffs as their insurance agent; and (2) even if Defendant Smith did owe Plaintiffs a special duty, any alleged negligence in the actual procurement of the insurance policy could be excused by Plaintiffs' failure to properly read the policy. In response, Plaintiffs contend that Defendant Smith was not fraudulently joined because Georgia law provides a viable claim against an agent in certain circumstances based on the agent's negligence in the procurement of an insurance policy. See, e.g., Cottingham & Butler, Inc. v. Belu, 332 Ga. App. 684, 686-87, 774 S.E.2d 747, 750 (1990) (discussing that an insurance agent can be sued for negligent procurement of an

5

insurance policy if the agent "has held himself out as an expert and the insured has reasonably relied on the agent's expertise to identify and procure the correct amount or type of insurance"). In this case, Plaintiffs contend that they relied on Defendant Smith's representations as their insurance agent and can accordingly maintain a claim against him based on his alleged negligence.

After careful review, however, Plaintiffs argument must fail. While it is true that Georgia law provides a claim against an agent for negligent procurement, Plaintiffs must do more than simply state a viable claim. In determining whether a defendant has been fraudulently joined, courts must consider the pleadings at the time of removal and any supplemental affidavits submitted by the parties. Legg, 428 F.3d at 1322 (citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998)). Similar to the process used to consider a motion for summary judgment, the court must then resolve all factual disputes in favor of the nonmoving party—in this case, Plaintiffs. Id. (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)). However, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." Id.

In this case, Plaintiffs have failed to identify any evidence to support a viable claim against Defendant Smith. For

their part, Defendants supplemented their motion with an affidavit signed by Defendant Smith purporting that he never gave advice to Plaintiffs or even communicated with Plaintiffs about their insurance coverage. (Doc. 11, Attach 1.) In response, Plaintiffs provided an affidavit by Frederick Broerman, manager of Plaintiff Wylly Island Homeowner's Association, stating that Plaintiffs "relied on [Defendant Smith's predecessor] and John Smith's expertise to assess our insurance needs and procure sufficient coverage." (Doc. 15, Attach. 1 ¶ 3.) Outside of this one conclusory allegation as to Defendant Smith, Plaintiffs have not identified any evidence that would suggest any type of special relationship with Defendant Smith to support a claim under Georgia law based on negligent procurement of an insurance policy. Plaintiffs' mere allegation is insufficient to show that Defendant Smith should not be dismissed from this action.

Moreover, Plaintiffs have failed to provide any response to Defendants' contention that even if there was a special relationship between Plaintiffs and Defendant Smith, any negligence in the actual procurement of the insurance policy is excused by Plaintiffs' failure to read the policy. Under Georgia law, an insurance agent cannot be held liable for the negligent procurement of an insurance policy if the discrepancy in the insurance policy or lack of coverage would have been apparent

7

from a basic reading of the insurance policy. <u>Cottingham</u>, 332 Ga. App. at 686-87, 774 S.E.2d at 750 (citing <u>MacIntyre & Edwards, Inc. v. Rich</u>, 267 Ga. App. 78, 81, 599 S.E.2d 15, 18 (2004)). In their briefing, Defendants contend that the policy plainly excludes damage caused by flooding and other weather conditions. (<u>See</u> Doc. 11, Attach. 2 at 72.) Plaintiffs, however, have not identified any evidence to refute Defendants' contention. Plaintiffs have not identified any evidence that they were unable to read the policy, that the lack of coverage was ambiguously detailed in the policy, or that they were unable to understand the policy. As a result, Plaintiffs have failed to identify sufficient evidence that would support a viable claim against Defendant Smith.

## CONCLUSION

Ultimately, Plaintiffs are unable to identify any evidence that a viable claim exists against Defendant Smith. Accordingly, Plaintiff's Motion to Remand (Doc. 10) is **DENIED**. In addition, Defendant John Smith is **DISMISSED** from this action.

SO ORDERED this 9th day of April 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA